# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN CHAMBERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENSKE TRUCK LEASING<br>CORPORATION, a corporation; and DOES 1<br>through 60 inclusive,<br><br>　　　　Defendants. | 1:11-cv-00381 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**<br><br>(Documents 11 & 12) |

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

　　According to Plaintiff Robin Chambers, she was employed by Defendant Penske Truck Leasing Corporation from September 3, 2008, until her discharge on November 12, 2010. (Doc. 1, Ex. A, ¶¶ 8 & 14.)  Plaintiff was hired as a Manager Trainee/Rental Representative, and prior to her termination had received at least two salary increases during the course of her employment, based upon excellent job performance. (Doc. 1, Ex. A, ¶ 8.) On November 7, 2010, Plaintiff contacted Defendant's branch rental manager, her direct supervisor, and advised him that she was suffering from severe swelling and pain in her feet and ankles.  The branch manager permitted Plaintiff to take the following Monday off so that she could obtain medical

1

1 treatment. (Doc. 1, Ex. A, ¶ 9.) After seeking medical treatment from her primary care provider
2 and a specialist, Plaintiff returned to work on November 11, 2010. (Doc. 1, Ex. A, ¶¶ 10-13.)
3 The orthopedist with whom Plaintiff consulted referred her to physical therapy and provided a
4 note for her employer wherein it was stated that "when she did return to work [] she needed to be
5 allowed to come in late or leave early to attend physical therapy." (Doc. 1, Ex. A, ¶ 11.)

6  On November 12, 2010, Plaintiff arrived early and worked a regular shift. Later that day,
7 Plaintiff was advised by the branch manager that she was terminated for "being late to work" and
8 because, despite a legitimate medical need, Plaintiff's absence from the workplace constituted a
9 violation of a final written warning. (Doc. 1, Ex. A, ¶ 14.)

10  Thereafter, in December 2010, Plaintiff filed a complaint against Defendant with the
11 Department of Fair Employment and Housing. (Doc. 1, Ex. A, ¶ 15.) On or about January 20,
12 2011, Plaintiff filed a complaint against Defendant in the Stanislaus County Superior Court.
13 Plaintiff alleged disability discrimination, failure to accommodate a disability, failure to engage
14 in the interactive process, denial of medical leave, and retaliation and failure to prevent
15 discrimination and retaliation pursuant to California's Fair Employment and Housing Act. (*See*
16 Doc. 1 at 2 & Ex. A.)

17  On March 3, 2011, Defendant filed its answer to the complaint (*see* Doc. 1, Ex. B), and
18 on March 4, 2011, Defendant filed a Notice of Removal in this Court (Doc. 1).

19  On March 9, 2011, Plaintiff filed the instant motion. (Docs. 10-12.) On April 1, 2011,
20 Defendant filed an opposition to the instant motion (Doc. 14) and on April 6, 2011, Plaintiff filed
21 her reply (Doc. 15).

22  On April 11, 2011, this Court determined the matter was suitable for decision without
23 oral argument pursuant to Local Rule 230(g).[1] The hearing scheduled for April 15, 2011, was
24 vacated and the matter was deemed submitted for written findings. (Doc. 17.)

---

[1] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits. Any omission of a reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

2

## LEGAL STANDARD

Title 28 of the United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . .." Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009). The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). When reviewing a motion to remand, a district court must analyze jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted). If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Where the parties in an action are citizens of different states, a district court "shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This amount includes claims for general and special damages (excluding costs and interests), attorneys fees if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998). The amount in controversy is "determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999).

Where the complaint does not specify the amount sought as damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## DISCUSSION

Here, the parties do not dispute diversity of citizenship. Rather, the issue of jurisdiction turns on whether the amount in controversy meets or exceeds the $75,000 minimum requirement.

### A. *Lost Wages*

Defendant presented evidence in its removal pleadings that, at the time of Plaintiff's termination, her hourly wage was $16.35, and that she was working an average of forty hours per week, for a total annual wage of approximately $34,000.00. (Doc. 4, ¶ 3.) Defendant asserts it is "reasonable to expect Plaintiff's damages for lost wages and benefits to exceed $25,000.01 by the time this case goes to trial." (Doc. 14 at 3-4.)

Solely for the purpose of determining whether the monetary jurisdictional limit has been met, the Court calculates that based upon the aforementioned Plaintiff's lost wages from the date of her termination to the time of removal, that they are at least $10,470.00. Additionally, although this Court declines to project future wage loss until a trial date is set, it is reasonable to

anticipate compensatory damages may exceed $10,470. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002).

### B.     *Emotional Distress*

Plaintiff's complaint seeks relief in the form of damages for emotional distress as a result of Defendant's conduct. Plaintiff references "great mental, physical, and nervous discomfort, annoyance, distress, anguish, worry [and] anxiety." (Doc. 1, Ex. A & ¶ 47.)

A court may consider that emotional distress damages "are potentially substantial." *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D. Cal. 1995). Such damages are also properly considered when calculating the amount in controversy if emotional distress damages were not clearly pled. *Id*., at 450.

To the degree Defendant has cited to authority wherein a jury awarded emotional distress damages nearly equal to the damages awarded for the plaintiff's lost wages, it is not unreasonable to consider that Plaintiff here may likewise be entitled to damages for emotional distress in an amount at least equal to her lost wages. *See Simmons v. PCR Technology*, 209 F.Supp.2d at 1034.

### C.     *Punitive Damages*

Plaintiff's complaint seeks punitive damages for Defendant's despicable, oppressive, fraudulent, malicious, deliberate, egregious and inexcusable conduct related to her allegedly improper termination. (Doc. 1, Ex. A.)

A court can consider punitive damages in calculating the amount in controversy. *See Bell v. Preferred Life Assur. Soc. Of Montgomery Ala.*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Simmons v. PCR Technology*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under California's Fair Employment and Housing Act when determining the amount in controversy). Where the amount of punitive damages sought is unclear, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons v. PCR Technology*, 209 F.Supp.2d at 1033.

Here, Defendant referenced five jury verdicts in its Notice of Removal (*see* Doc. 1 at 8) and in its Opposition to Plaintiff's instant motion, Defendant offered an additional four jury verdicts (*see* Doc. 14 at 8-10). All cases involve sums greater than $75,000. Plaintiff argues, however, that the cases cited by Defendant do not involve analogous facts and are therefore not persuasive. (Doc. 15 at 5-7.)

The Court has reviewed the jury verdicts and concludes they are sufficiently analogous. While those facts are not completely similar to the facts in the instant case, they all involve wrongful termination matters following health-related or injury-related absences, requests for reduced hours, or similar accommodation requests by plaintiffs. *See Simmons v. PCR Technology*, 209 F.Supp.2d at 1033 ("[t]he fact that the cited cases involve distinguishable facts is not dispositive"). These cases therefore do establish, by a preponderance of the evidence, that punitive damage awards in employment matters may be substantial.

### D. *Attorneys' Fees*

Plaintiff's complaint seeks "statutory attorneys' fees and costs, including those available" pursuant to California Government Code section 12965(b)[2] and California Code of Civil Procedure section 1021.5. (Doc. 1, Ex. A.)

Defendant contends that attorneys fees, including future fees, are recoverable under the California Fair Employment and Housing Act, and thus, such fees can be considered for purposes of the amount in controversy necessary to establish this Court's jurisdiction. (*See* Doc. 1 at 8 & Doc. 14 at 12-13.) In her motion, Plaintiff argues future attorneys' fees are not to be considered. (Doc. 11 at 4 & Doc. 15 at 4-5.)

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees are to be included in the amount in controversy."

---

[2] This section provides, in pertinent part: "In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs . . .."

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Because attorneys' fees are recoverable pursuant to the California Government Code, this Court will consider fees arising from time spent on Plaintiff's claims.

As pointed out by Defendant, attorneys fees accrued to date are, at a minimum, the $2,275 sought by Plaintiff for preparation of the instant motion.  (Doc. 14 at 12-13; *see also* Doc. 12.)  As to future attorneys fees:

> Plaintiff insists that attorneys' fees are limited to those accrued at time of removal, maintaining that additional fees are too speculative.  Plaintiff is mistaken.  The Ninth Circuit clearly considers attorneys' fees when assessing amount in controversy.  Such fees necessarily accrue until the action is resolved.  Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal.  The court determines the amount in controversy based on the damages that can reasonably be anticipated at the time of removal.  Similarly, the measure of fees should be that amount that can reasonably be anticipated at the time of removal, not merely those already incurred.

*Simmons v. PCR Technology*, 209 F.Supp.2d at 1034-35, internal citation & footnote omitted.

Defendant has provided sufficient evidence to demonstrate that this Court can reasonably anticipate thousands of dollars in attorneys' fees.  As the *Simmons* court noted, "in its twenty years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."  *Simmons v. PCR Technology*, 209 F.Supp.2d at 1035.  That court also recognized that while very few cases ultimately proceed to trial, a plaintiff's "claims are unlikely to be immediately resolved.  While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination . . . the jurisdictional minimum is clearly satisfied."  *Id.*, at 1035.

**E.    *Sanctions***

In her reply to Defendant's Opposition, Plaintiff seeks an award of sanctions "because Defendant acted without a reasonable basis for removal."  (Doc. 15 at 7.)  However, based upon the foregoing discussion, Plaintiff's request is mooted by the denial of her motion.

**Conclusion**

In sum, this Court finds Defendant's removal was proper.  Following Plaintiff's challenge by way of a motion to remand, this Court further finds that Defendant has met its burden of

proving by a preponderance of the evidence that the amount in controversy meets or exceeds the jurisdictional threshold.

### RECOMMENDATIONS

For the reasons stated above, this Court recommends that Plaintiff's Motion for Remand to State Court be DENIED in its entirety.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 15, 2011**                    /s/ **Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE